

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YINGFENG MIAO, | No. 18-73309 |
| Petitioner, | Agency No. A087-718-853 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 17, 2022[**]
San Francisco, California

Before: McKEOWN and W. FLETCHER, Circuit Judges, and BENNETT,[***]
District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

Petitioner Yingfeng Miao ("Miao") petitions for review of the Board of Immigration Appeals's ("BIA") dismissal of her appeal from an Immigration Judge's ("IJ") denial of protection under the Convention Against Torture ("CAT"). Miao entered the United States in 2009. She applied for asylum and was referred to an Immigration Judge for adjudication in removal proceedings. The proceedings were terminated after Miao married a United States citizen and her husband's I-130 visa petition was approved. In 2017, Miao was convicted of engaging in money laundering. She was again placed in removal proceedings. In these proceedings, Miao sought only relief under CAT.

The IJ denied relief on the ground that Miao was not credible. The IJ also denied relief on the ground that, even if Miao were credible, she had not sufficiently shown that "it is more likely than not that she would be tortured if removed to the country of China" in the future. The BIA assumed without deciding that Miao was credible. It nonetheless dismissed her appeal on the ground that she had not shown a likelihood of torture.

We have jurisdiction to review Miao's petition for review under 8 U.S.C. § 1252(a)(1), and we review agency findings for substantial evidence. *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020).

Substantial evidence in the record supports the BIA's determination that Miao's evidence, even if believed, does not support a likelihood that she will face torture if returned to China. Miao testified that she had been subjected to a forced abortion in China. However, China no longer has a one-child policy, and a presumption of future torture does not arise based on past torture alone. *See Konou v. Holder*, 750 F.3d 1120, 1125 (9th Cir. 2014). Miao also testified that she fears torture based on her Christian beliefs, but she presented insufficient evidence to compel a conclusion that she would likely be tortured on that ground. *See Guo v. Sessions*, 897 F.3d 1208, 1217 (9th Cir. 2018).

**PETITION DENIED.**